William S. KARN, Appellant

v.

QUICK & REILLY INCORPORATED and Fleet Boston Financial Company, Appellees.

Superior Court of Pennsylvania.

Submitted Aug. 28, 2006.

Filed Nov. 27, 2006.

William S. Karn, appellant, Pro Se.

James A. McGovern, Pittsburgh and Denis C. Dice, Philadelphia, for appellees.

BEFORE: TODD, GANTMAN, and JOHNSON, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, William S. Karn, appeals from the order entered in the Allegheny County Court of Common Pleas, which sustained Appellees' preliminary objections, denied Appellant's motion for reconsideration, and dismissed Appellant's class action suit with prejudice. For the following reasons, we dismiss the appeal.

¶ 2 The trial court opinion fully and correctly sets forth the factual and procedural history of this appeal as follows:

> [Appellant] filed a Complaint and Amended Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, Civil Division, as a class action against [Appellees], Quick & Reilly Incorporated and Fleet Boston Financial Company. [Appellant] sought damages for alleged breach of contract, fraud, violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTPCPL"), 73 Pa.C.S. 201–1 et seq. as well as causes of action under the Fifth and Fourteenth Amendments of the United States Constitution. [Appellant], an attorney licensed to practice law in the Commonwealth of Pennsylvania, is both the representative

Plaintiff and counsel for the proposed class.

The action was subsequently removed to the United States District Court for the Western District of Pennsylvania. [Appellees] filed a Motion to Dismiss and by Order of Court dated December 20, 2005, the Court granted [Appellees'] Motion to Dismiss as to [Appellant's] Constitutional claims and declined to exercise supplemental jurisdiction over [Appellant's] pendent state law claims. [Appellant's] state law claims were remanded to the Court of Common Pleas of Allegheny County.

On January 6, 2006, [Appellees] filed Preliminary Objections to [Appellant's] request for class certification of the remaining state law claims. On March 1, 2006, oral argument on [Appellees'] Preliminary Objections was heard before this [c]ourt. During argument, the [c]ourt instructed [Appellant] that he cannot serve as both class representative and counsel in the class action under Pennsylvania Rules of Civil Procedure 1702(4) and 1709. The [c]ourt explained to [Appellant] that his role as an aggrieved party and member of the proposed class would present a conflict with his role as legal counsel seeking compensation for representing the class. [Appellant] agreed to comply with the [c]ourt's requirement that he obtain counsel.

The [c]ourt allowed [Appellant] approximately 60 days in which to retain counsel and instructed him to inform the [c]ourt by "the end of April" as to his success in obtaining counsel. The [c]ourt stated that it would not rule on [Appellant's] Preliminary Objections pending [Appellant's] retention of counsel for the class.

On March 9, 2006, [Appellant] filed a Motion for Reconsideration asking the [c]ourt to reconsider its oral order compelling the retention of legal counsel other than [Appellant] to represent the class. [Appellant] argues that the [c]ourt's order denying [Appellant's] proposal to act as both class counsel and the representative Plaintiff presents a "serious infraction of federal constitutional rights." (Motion for Reconsideration of Court Decision of March 1, 2006, p. 1).

(Trial Court Opinion, filed May 19, 2006, at 1–3). Upon Appellant's failure to retain independent counsel, the court denied Appellant's motion for reconsideration by order dated March 28, 2006 and dismissed Appellant's complaint with prejudice.

¶ 3 On April 7, 2006, Appellant timely filed a notice of appeal. On April 27, 2006, the trial court ordered Appellant to file a concise statement of matters complained of on appeal, pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On April 28, 2006, Appellant timely filed a fourteen (14) page Rule 1925(b) statement, in which he presented fourteen (14) issues.

¶ 4 Appellant presents the following issues for appellate review:

IS IT AN ERROR OF LAW AND ABUSE OF DISCRETION TO BRING A CLASS ACTION SUIT TO AN EARLY END (THE COURT ACTION SOUNDING IN CONSPIRACY IN RESTRAINT OF TRADE AS PROHIBITED BY 15 U.S.C. § 1) BY A COURT RULING USING AS GUIDANCE *[MURPHY V. HARLEYSVILLE MUTUAL INSURANCE[1]]* AND

---

1. 282 Pa.Super. 244, 422 A.2d 1097 (1980), *cert. denied,* 454 U.S. 896, 102 S.Ct. 395, 70 L.Ed.2d 211 (1981).

[KRAMER V. SCIENTIFIC CONTROL CORP.[2]] INSTEAD OF USING BARROWS V. JACKSON,[3] ... AND PIERCE V. SOCIETY OF SISTERS,[4] ... AND CAUTIONARY RESERVATIONS EXPRESSED BY OPINION OF JUDGE ROSEN IN KRAMER, AS THE INSTRUCTION TO FOLLOW? IS IT AN ABUSE OF DISCRETION THAT THE TRIAL COURT DID NOT REQUIRE [APPELLEES], WHO RAISED A CONFLICT OF INTEREST ISSUE, TO DISCLOSE THEIR RECORDS OF NAMES AND ADDRESSES OF MEMBERS OF THE CLASS OF INJURED PARTIES FROM WHICH RECORDS A REPRESENTATIVE CLASS MEMBER COULD BE SELECTED TO SERVE AS PLAINTIFF WITHOUT CONFLICT OF INTEREST RATHER THAN REQUIRING THAT THE ATTORNEY BE REPLACED TO AVOID AN ALLEGED CONFLICT OF INTEREST?

IS IT AN ABUSE OF DISCRETION FOR A TRIAL COURT TO APPLY [MURPHY] AND [KRAMER] TO THE FACTS OF THE INSTANT CASE TO AVOID AN ALLEGED CONFLICT OF INTEREST WHEN THE TRIAL COURT THEN DEFEATS THE PUBLIC BENEFIT INTENT EXPRESSED IN [PUTPCPL], THE QUI TAM CITIZEN INPUT INTENT OF FEDERAL "FALSE CLAIMS ACT," THE CITIZEN PARTICIPATION ENCOURAGED BY TITLE 33 [U.S.C.] § 1365, AND CREATES THE POSSIBLE FINDING OF A VIOLATION BY THE STATE COURT SYSTEM OF FEDERAL CONSTITUTIONAL AMENDMENT 14 WHEN A STATE COURT DENIED AN EQUAL RIGHT TO RELIEF TO A SUBSTANTIAL BODY OF THE CITIZENRY?

IS IT AN ABUSE OF DISCRETION BY THE TRIAL COURT THAT GIVEN THE FACT THAT [APPELLEES] HAD ONCE CAUSED THIS CASE TO BE REMOVED TO FEDERAL COURT, AND THE REMOVAL CHOICE CONSTITUTED AN ADMISSION THE CASE HAD MERIT TO GO FORWARD WITHOUT PRELIMINARY OBJECTIONS AND TO GO FORWARD WAIVING ANY OBJECTION SUCH AS CONFLICT OF INTEREST IMPAIRING PLAINTIFF CLASS, FOR IF THERE WERE PRELIMINARY OBJECTIONS SUCH OBJECTIONS SHOULD HAVE BEEN RAISED IN THE STATE COURT BEFORE CHOOSING TO BURDEN THE FEDERAL COURT, ALL THAT BEING KNOWN TO THE STATE TRIAL COURT, THAT THE STATE TRIAL COURT STILL ALLOWED, AFTER REMAND TO THE STATE COURT, [APPELLEES] AT A PRELIMINARY OBJECTIONS MOTION HEARING TO ARGUE A SUBSEQUENT PLAINTIFF CLASS REPRESENTATION INADEQUACY IN STATE COURT?

IS IT AN ABUSE OF DISCRETION TO FAIL TO DECLARE LACK OF PRIVITY BETWEEN PLAINTIFF CLASS MEMBERS AND [APPELLEES] SUCH AS TO CONSTITUTE LACK OF STANDING BY [APPEL-

2. 534 F.2d 1085 (3rd Cir.1976), cert. denied, 429 U.S. 830, 97 S.Ct. 90, 50 L.Ed.2d 94 (1976).

3. 346 U.S. 249, 73 S.Ct. 1031, 97 L.Ed. 1586 (1953).

4. 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925).

LEES] TO PRESENT AN ARGUMENT OF *[MURPHY]*, ... AND *[KRAMER]*, ... OSTENSIBLY TO PROTECT THE INTERESTS OF MEMBERS OF THE PLAINTIFF CLASS WITH [APPELLEES] ACTING AS PROTECTORS?

IS IT AN ABUSE OF DISCRETION TO FAIL TO REQUIRE [APPELLEES], WHEN PRESENTING AN ARGUMENT OF *[MURPHY]*, ... AND *[KRAMER]*, ... TO PROTECT THE INTERESTS OF MEMBERS OF THE PLAINTIFF CLASS, TO BE OBLIGED TO FILE A SEPARATE COURT ACTION OR COUNTERCLAIM WITH AT LEAST ONE SUCH CLASS MEMBER DESIGNATED AS PLAINTIFF ON SUCH PLEADING PRESENTED BY [APPELLEES]?

IS IT AN ABUSE OF DISCRETION TO FAIL TO REQUIRE [APPELLEES], WHEN PRESENTING AN ARGUMENT OF *[MURPHY]*, ... AND *[KRAMER]*, ... TO PROTECT THE INTERESTS OF MEMBERS OF THE PLAINTIFF CLASS, TO BE OBLIGED TO SUPPLY FROM [APPELLEES'] FILES A LIST OF NAMES AND ADDRESSES OF MEMBERS OF THE CLASS SUCH THAT THE COURT MAY APPROVE AN INDEPENDENT REPRESENTATIVE MEMBER OF THE CLASS TO ACT AS PLAINTIFF ON A COUNTERCLAIM ARGUING CONFLICT OF INTEREST?

IS IT AN ERROR OF LAW DEFINED BY FEDERAL CONSTITUTION AMENDMENT 14 FOR A COURT OF COMMON PLEAS TO ALLOW THE SECURITIES MARKET AS A CONTROLLED INSTRUMENTALITY OF THE FEDERAL GOVERNMENT TO VIOLATE THE RIGHT OF THE PEOPLE TO BE SECURE IN THEIR PERSONS, HOUSES, PAPERS, AND EFFECTS AGAINST UNREASONABLE SEARCHES AND SEIZURES, VIOLATED BY [APPELLEES] IN TRANSFERRING SOCIAL SECURITY NUMBERS, FINANCIAL ASSETS RECORDS, AND TRANSFERRING CUSTOMER PROPERTY TO NEW CUSTODIAL STREET NAME OF ANOTHER CORPORATE PERSON NOT AUTHORIZED BY THE CITIZEN, THE SAME ACT IF DONE DIRECTLY BY A POLICE AGENCY OF THE GOVERNMENT WOULD BE A CONSTITUTIONAL VIOLATION?

IS IT AN ABUSE OF DISCRETION FOR A TRIAL COURT TO ASSUME AND ACT ACCORDINGLY THAT ONE MEMBER, OF A CLASS OF INJURED PARTIES NUMBERING 500,-000 MEMBERS AS ORDER OF MAGNITUDE AND EACH WITH LESS THAN $500 LOSS PER CLAIM MEMBER, WILL VOLUNTEER TO ACT ESSENTIALLY GRATUITOUSLY TO VINDICATE THE RIGHTS OF THE OTHER 499,999 OTHER MEMBERS OF THE CLASS?

IS IT AN ABUSE OF DISCRETION FOR A TRIAL COURT, IN DECIDING WHETHER TO CERTIFY A CLASS ACTION CLASS, TO IGNORE THE CHANGE OF ECONOMICS MADE POSSIBLE BY COMPUTER FACILITIES IMPLEMENTING COMMUNICATION *VIA* WEB SITE AND E-MAIL IN CONDUCTING A CLASS ACTION SUIT WHICH COMMUNICATION IF REQUIRED BY PRINTED PAPER DELIVERED BY POSTAL SERVICE WOULD MAKE SUCH A CLASS ACTION PROHIBITIVELY EXPENSIVE FOR THE [APPELLANT] TO UNDERTAKE ON BEHALF OF [APPELLANT] AND OTHER MEMBERS OF THE CLASS?

IS IT AN ERROR OF ANTITRUST LAW FOR A COURT OF COMMON PLEAS TO ALLOW STOCK BROKER [APPELLEES] TO CLOSE ITS RETAIL PUBLIC SERVICE AND MERGE ITS CUSTOMER ACCOUNTS WITH AN AFFILIATE CORPORATE STRUCTURE THAT UNILATERALLY IMPOSES A NEW ACCOUNT SERVICE FEE ON SUCH CUSTOMERS WITHOUT OFFERING TERMINATION PROCEDURE TO CUSTOMERS WHO WOULD BENEFIT BY FINDING A MORE COMPETITIVE BROKERAGE HOUSE SERVICE ELSEWHERE?

IS IT AN ABUSE OF DISCRETION FOR A COURT OF COMMON PLEAS TO ACT AGAINST THE INTENT OF CONGRESS STATED IN SECURITIES EXCHANGE ACT OF 1934 SECTION 11(c), SUBSECTIONS (i) THROUGH (v) AND RULE 10B–5 BY ALLOWING STOCK BROKER [APPELLEES] TO CLOSE ITS RETAIL PUBLIC SERVICE OFFICE AND MERGE ITS CUSTOMER ACCOUNTS WITH AN AFFILIATE CORPORATE STRUCTURE THAT UNILATERALLY IMPOSES A NEW ACCOUNT SERVICE FEE ON SUCH CUSTOMERS WITHOUT OFFERING TERMINATION PROCEDURE TO CUSTOMERS WHO WOULD BENEFIT BY FINDING A MORE COMPETITIVE BROKERAGE HOUSE SERVICE ELSEWHERE?

IS IT AN ERROR OF LAW IDENTIFIED BY FEDERAL CONSTITUTION RELATING TO COINING OF MONEY, FOR A COURT OF COMMON PLEAS TO ALLOW THE SECURITIES MARKET, AS A CONTROLLED INSTRUMENTALITY OF THE FEDERAL GOVERNMENT AS PART OF THE BANKING AND MONETARY CONTROL SYSTEM, TO VIOLATE THE RIGHT OF THE PEOPLE TO BE SECURE IN THEIR MONETARY HOLDINGS AGAINST SEIZURES, VIOLATED BY [APPELLEES] IN TRANSFERRING CUSTOMER PROPERTY TO NEW CUSTODIAL STREET NAME OF ANOTHER CORPORATE PERSON WHICH OTHER CORPORATE PERSON UNILATERALLY IMPOSES A NEW ACCOUNT SERVICE FEE ON SUCH CUSTOMERS WITHOUT OFFERING ACCOUNT TERMINATION PROCEDURE TO CUSTOMERS?

IS IT AN ABUSE OF DISCRETION FOR A COURT OF COMMON PLEAS TO BE INFORMED THAT [APPELLEES] HAVE TRANSFERRED OWNERSHIP OF RECORD OF COMMON STOCK FROM A CUSTOMER SELECTED CUSTODIAN BAILEE TO A NEW OWNERSHIP OF RECORD CUSTODIAN BAILEE WHICH NEW OWNER OF RECORD HAVING CONVERTED POSSESSION, THEN ASSERTS A LIEN AGAINST THE ASSETS AS A CUSTODIAL SERVICE CHARGE, ALL OF WHICH CONVERSION ARGUABLY AMOUNTS TO THEFT OF CUSTOMER PROPERTY, AND THEN THE COURT OF COMMON PLEAS DOES EFFECTIVELY NOTHING TO STOP THE LOSS AND RESTORE THE PROPERTY TO THE CUSTOMER OWNERSHIP?

IS IT AN ERROR OF LAW THAT THE [TRIAL] COURT FAILED TO DISTINGUISH THE INSTANT CASE FROM OBJECTIONS RAISED CITING *[MURPHY]* AND *[KRAMER]*, WITH FAILURE TO DISTINGUISH RESULTING IN REJECTION OF [APPELLANT] ACTING AS COUNSEL TO THE CLASS?

(Appellant's Brief at 3–6).

■ ¶ 5 Initially, we observe:

Prior to undertaking an analysis of the merits of the numerous issues raised by [an appellant], we must first determine whether [the appellant has] properly preserved [his] issues for appellate review. In *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), the Pennsylvania Supreme Court specifically held that "from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b)."

*Kanter v. Epstein*, 866 A.2d 394, 400 (Pa.Super.2005), *appeal denied*, 584 Pa. 678, 880 A.2d 1239 (2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 1048, 163 L.Ed.2d 858 (2006).

Rule 1925(b) authorizes a trial court to order an appellant to file a "concise statement of matters complained of on appeal." Pa.R.A.P. 1925(b). Failure to comply with a Rule 1925(b) order may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of. Regarding vague or overly broad statements, this Court has also stated:

When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all. While [*Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998) ] and its progeny have generally involved situations where an appellant completely fails to mention an issue in his Concise Statement, for the reasons set forth above we conclude that *Lord* should also apply to Concise Statements which are so vague as to prevent the court from identifying the issue to be raised on appeal. In the instant case, [appellant's] Concise Statement was not specific enough for the trial court to identify and address the issue Appellant wished to raise on appeal. As such, the court did not address it. Because [appellant's] vague Concise Statement has hampered appellate review, it is waived.

*Commonwealth v. Dowling*, 778 A.2d 683, 686–87 (Pa.Super.2001). An appellant's failure to include an issue in his Rule 1925(b) statement waives that issue for purposes of appellate review.

*Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa.Super.2006) (some internal citations omitted).

¶ 6 Additionally, this Court may quash or dismiss an appeal if the appellant fails to conform substantially to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. *See also Zeigler v. Detweiler*, 835 A.2d 764 (Pa.Super.2003) *(en banc)* (declining to review appellant's claim without supporting reference to facts of case or relevant law); *Hawkey v. Peirsel*, 869 A.2d 983 (Pa.Super.2005) (stating failure to cite to relevant authority resulted in waiver of issue presented on appeal); *Graziani v. Randolph*, 856 A.2d 1212 (Pa.Super.2004), *appeal denied*, 583 Pa. 663, 875 A.2d 1075 (2005) (holding Court would not address aspects of argument contained in appellant's brief unrelated to questions on appeal); *Owens v. Mazzei*, 847 A.2d 700 (Pa.Super.2004) (limiting review to extent appellate brief provided appropriate ques-

tion for review and corresponding analysis).

■ ¶ 7 The Pennsylvania Rules of Appellate Procedure include the following briefing requirements:

### Rule 2111. Brief of the Appellant

(a) **General rule.** The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Argument for appellant.

(8) A short conclusion stating the precise relief sought.

(9) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(10) In the Superior Court, a copy of the statement of the matters complained of on appeal filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a Rule 1925(b) statement was entered.

\* \* \*

Pa.R.A.P. 2111(a).

### Rule 2116. Statement of Questions Involved

(a) **General rule.** The statement of the questions involved must state the question or questions in the briefest and most general terms, without names, dates, amounts or particulars of any kind. It should not ordinarily exceed 15 lines, **must never exceed one page,** and must always be on a separate page, without any other matter appearing thereon. **This rule is to be considered in the highest degree mandatory,** admitting of no exception. . . .

\* \* \*

Pa.R.A.P. 2116(a) (emphasis added).

### Rule 2119. Argument

(a) **General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have . . . such discussion and citation of authorities as are deemed pertinent.

\* \* \*

Pa.R.A.P. 2119(a). "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." *Lackner v. Glosser,* 892 A.2d 21, 29–30 (Pa.Super.2006) (internal citations omitted).

■ ¶ 8 In the instant case, the entire proceeding, including Appellees' preliminary objections, the March 1, 2006 hearing on the preliminary objections, Appellant's motion for reconsideration, and the court's March 28, 2006 order sustaining the preliminary objections, focused on the conflict of interest created by Appellant's role as putative class representative and counsel. However, the fourteen claims Appellant raised in his Rule 1925(b) statement had a vague and tenuous relationship to the conflict of interest issue. Appellant did not even directly address that issue in his Rule 1925(b) statement. The court disregarded Appellant's Rule 1925(b) statement and analyzed the dismissal of Appellant's com-

plaint solely in the context of the conflict of interest matter. We also note Appellant did not raise his fifteenth issue on appeal in his Rule 1925(b) statement. *See Lord, supra.* Therefore, Appellant's issues are waived.

¶ 9 Furthermore, Appellant's brief on appeal did not include: (1) statements of the scope and standard of review; (2) a short conclusion stating the precise relief sought; and (3) a copy of the Rule 1925(b) statement. *See* Pa.R.A.P. 2111(a). Appellant's statement of questions on appeal claimed three (3) pages and exceeded fifteen (15) lines, in violation of Pa.R.A.P. 2116(a). A majority of the questions contained specific factual allegations and references to legal authority in defiance of Pa.R.A.P. 2116. In sum, Appellant has not presented issues in the briefest and most general terms. *See id.*

¶ 10 Additionally, Appellant did not support his first, fourth, sixth, seventh, and tenth through fourteenth issues with citations to legal authority. *See* 2119(a); *Lackner, supra.* Appellant delivered no cogent legal analysis and often engaged in fatuous speculation; he relied chiefly on two U.S. Supreme Court cases that are not germane to a discussion of class certification. *See id.*

¶ 11 Accordingly, we deem Appellant's issues on appeal waived, because he failed to supply the trial court with a proper Rule 1925(b) statement. *See Lineberger, supra.* We dismiss the appeal due to the substantial briefing defects in Appellant's brief, which hampered our ability to conduct meaningful appellate review. *See* Pa. R.A.P. 2101.

¶ 12 Moreover, Pennsylvania Rule of Civil Procedure 1702 requires the representative parties to "fairly and adequately assert the interests of the class under the criteria set forth in Rule 1709." Pa.R.C.P.

1702(4). Rule 1709 provides, in pertinent part:

**Rule 1709. Criteria for Certification. Determination of Fair and Adequate Representation.**

In determining whether the representative parties will fairly and adequately assert and protect the interest of the class, the court shall consider among other matters

(1) whether the attorney for the representative parties will adequately represent the interests of the class,

(2) whether the representative parties have a conflict of interest in the maintenance of the class action....

\* \* \*

Pa.R.C.P. 1709(1) and (2). Citing *Kramer v. Scientific Control Corp.*, 534 F.2d 1085 (3rd Cir.1976), *cert. denied*, 429 U.S. 830, 97 S.Ct. 90, 50 L.Ed.2d 94 (1976), the Explanatory Comment to Rule 1709 states "there is a conflict of interest where a lawyer is named as the representative party and a member of his firm is chosen as his counsel, if the amount of the potential attorney fee far outweighs the amount of the representative party's individual claims." Pa.R.C.P. 1709, Explanatory Comment—1977. *See Gocial v. Independence Blue Cross*, 827 A.2d 1216 (Pa.Super.2003) (stating marriage between putative class representative and her spouse, an attorney who had not entered an appearance in the case, warranted denial of class certification, where attorney's law firm had an informal relationship with putative class representatives); *Murphy, supra* (upholding denial of class certification because conflict of interest resulting from attorney as putative representative plaintiff and co-counsel for class).

¶ 13 Instantly, Appellant proposed to attain class action certification as both class representative and lead counsel for the

class. Rule 1709(4) unmistakably prohibits Appellant's proposed arrangement. *See id.* We decline to give the matter any further attention.

¶ 14 Appeal dismissed.