J. S71010/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RHONDA L. BRILLA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM M. BRILLA, | : | No. 417 WDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Order, February 6, 2015,
in the Court of Common Pleas of Clearfield County
Civil Division at No. 2002-1648-CD

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND OTT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 1, 2016**

William M. Brilla appeals, ***pro se***, from the order entered February 6, 2015, by the Court of Common Pleas of Clearfield County, dismissing his petition for contempt of custody against his ex-wife, Rhonda L. Brilla.  We affirm.

The trial court filed no further opinion in this matter, but relied upon its February 5, 2015 opinion and order.  (Trial court's correspondence to deputy prothonotary of the Superior Court of Pennsylvania, 4/24/15; R.R. 321.)  That opinion and order summarized the facts and procedural history as follows:

> Presently before the Court is a Petition for Contempt of Custody Order filed by [appellant].  A hearing was held on January 12, 2015.

[Appellant] has alleged in his petition that [appellee] is in contempt for willfully violating the joint legal custody provision set forth in the Court's Order of April 20, 2012. [Appellant] alleges that [appellee] is in contempt for willfully failing to notify, include or otherwise acknowledge [appellant's] custodial rights as it pertains to any decision regarding the education of the minor child, [W.D.].

[Appellant] and [appellee] have joint legal custody of the minor child, [W.D.].

"Legal custody shall be defined as the legal right to make major decisions affecting the best interests of the children including, but not limited to, medical, religious and educational decisions, and that each parent shall have equal access to any and all medical, dental, school and legal records. Medical, dental and other professional providers, as well as school administrations, shall accept a copy of this Order as authorization to release documentation to either parent. It is also understood by both parties that they shall communicate fully with each other to assure all directives pertaining to the children from physicians, dentists, mental health providers and teachers are followed absolutely and that all information pertaining to any prescriptions for the children are exchanged between the parties."

Following the taking of testimony and presentation of the issues before this Court, the Court is satisfied that [appellee] is not in contempt for violation of the legal custody provision. Testimony presented set forth that all [appellee] did was take the minor child to an educational facility, Mercersberg [sic] Academy, and tour said facility. At no time were any decisions made concerning the education of W.D. [Appellant] states at hearing that [appellee] failed to notify him of the tour of Mercersberg [sic] Academy and, as a result, she was in violation of the legal custody provision. This Court disagrees. No decisions were made and no documentation was signed by [appellee]. As such, [appellee] is not in contempt of the Court's Order.

- 2 -

Trial court opinion and order, 2/5/15 at 1-3.

Appellant frames his statement of questions involved as follows:

1. Did the trial court display it's [sic] utter contempt and ill-will [sic] for the [appellant] by declaring it's [sic] intent to rule against him based on dislike rather than based on the evidence?

2. Is that act, and the manner in which it was decided, an abuse of discretion?

Appellant's brief at 5.

Appellant presents only one issue for our review:  Whether the trial court abused its discretion when it denied appellant's petition for contempt because it made a statement at the custody hearing that appellant viewed as prejudicial?

In considering an appeal from a contempt order, we place great reliance upon the trial court's discretion.  ***Bold v. Bold***, 939 A.2d 892, 894-895 (Pa.Super. 2007) (citation omitted).  As such, appellate review of a contempt finding is limited to determining whether the trial court abused its discretion.  ***Id.*** (citation omitted).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration.  Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.  Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Id.* (citations omitted). Therefore, we will reverse an order granting or denying a civil contempt petition only upon a showing that the trial court misapplied the law or exercised its discretion in a manner that lacked reason. *MacDougall v. MacDougall*, 49 A.3d 890, 892 (Pa.Super. 2012) (citation omitted).

Generally, in civil contempt proceedings, the complainant bears the burden of proving that the defendant failed to comply with a court order. *MacDougall*, 49 A.3d at 892 (citation omitted). To sustain a finding of civil contempt, the complainant must prove by a preponderance of the evidence that (1) the contemnor had notice of the order that she alleges the contemnor disobeyed; (2) the act constituting the alleged violation was volitional; and (3) the contemnor acted with wrongful intent. *Id.* (citation omitted).

Additionally, we note that this court may quash or dismiss an appeal if the appellant fails to substantially conform to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Karn v. Quick & Reilly Inc.*, 912 A.2d 329, 335 (Pa.Super. 2006) (citations omitted). Appellate arguments that fail to adhere to these rules may be considered waived, and arguments that are not appropriately developed, including those where a party fails to cite to any authority to support a contention, are waived. *Id.* at 336 (citation omitted).

Here, appellant advances no argument that he sustained his burden of proving that appellee's act of taking their son to tour a school violated the custody order and that the trial court's denial of his petition was, therefore, not supported by the record. Additionally, appellant advances no argument that the trial court misapplied the law, exercised its discretion in a manner that lacked reason, or failed to follow legal procedure when it denied appellant's petition for contempt. Rather, appellant complains about a statement that the trial court made to him at the contempt hearing that the appellant believes was prejudicial.[1] (Appellant's brief at 6.) Appellant

---

[1] The following colloquy took place:

> APPELLANT: Well, Your Honor, I think this is just pretty much typical of the way [appellee] handles custody. She fails to inform me. She fails to include me. She just does whatever she wants to do and she's been emboldened to do so by this Court's failure to ever find her in contempt.
>
> THE COURT: Well, you know what, [appellant], you just -- you just ruined any chances you had. Don't insult this Court, ever. Do I make myself clear?
>
> APPELLANT: Yes, Your Honor.
>
> THE COURT: Never insult this Court. In fact, I have found her in contempt. If you look at your -- the vast majority of your papers, I have found her in contempt and I take exception to your statement that this Court, it's the Court's fault that he's never held this person in contempt. I've not imposed sanctions, but I have held her in contempt. This hearing is over. I'll make my decision.

Notes of testimony, 1/12/15 at 12.

contends that the statement, coupled with the court's subsequent denial of his petition, somehow constitute an abuse of discretion. Appellant cites no legal support for his contention, and we know of none. Rather, our review of the record reveals no abuse of discretion.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2016