J. A09004/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| S.P. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| M.P.-S., | : | No. 1688 MDA 2015 |
| | : | |
| | : | |

Appeal from the Order Entered September 3, 2015,
in the Court of Common Pleas of Lackawanna County
Domestic Relations Division at Nos. 99 DRO 1895,
PACSES No. 384101844

BEFORE:  FORD ELLIOTT, P.J.E., JENKINS AND PLATT,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 24, 2016**

M.P.-S. appeals ***pro se*** from the September 3, 2015 order entered in the Court of Common Pleas of Lackawanna County that accepted the support master's findings of fact and recommendations and denied all exceptions taken by appellant to the child support recommendation.  We affirm.

The support master set forth the following:

> On September 24, 2014, an Interim Order of Court was entered obligating [appellant] to pay $220.00 a month for the support of one minor child.
>
> The support order was allocated at $200.00 support, $20.00 arrears.
>
> On December 15, 2014, [appellant] filed for a modification of the September 24, 2014 Order.
>
> On January 16, 2015, the Petition for Modification was dismissed stating the [appellant] did not provide

---

* Retired Senior Judge assigned to the Superior Court.

viable verification to substantiate a change in the current support order.

[Appellant] appealed.

On April 27, 2015, a Master's hearing was held where testimony was presented.

Pursuant to the Master's Hearing in Support, a Master's Recommendation was entered directing [appellant] to pay the amount of $386.00 per month in child support.

The Master's Recommendation was entered directing [appellant] to pay $38.00 a month towards the arrears, if any exist, for a total support obligation of $424.00.

The Master's Recommendation was entered directing [appellant] to provide medical insurance when it becomes available at a reasonable cost.

Any unreimbursed medical expenses are to be paid as follows:  50 [percent] by [S.P. ("mother")], 50 [percent] by [appellant].

The Master's Recommendation directed Lackawanna County Domestic Relations to recalculate the amount of arrears in this matter.

The Master's Recommendation directed that all other terms of the Order dated September 24, 2014 not inconsistent with this Order shall remain in effect.

The effective date of the Order entered pursuant to the Master's Recommendation is January 16, 2015.

[Appellant] filed exceptions to the Master's Recommendation.

Master's findings of fact, 7/15/15 at 1-2 (paragraph numbers omitted).

The master summarized the testimony from the April 27, 2015 support hearing as follows:

> [Mother] testified that she lives in Scranton with her husband and two (2) children.
>
> She has been working at Interim Health Care for the past 4 years.
>
> She currently is working 25 hours a week because one of her clients passed away. Prior to her client passing[,] she was working more hours weekly.
>
> She makes $11.00 an hour at this position.
>
> She testified that at this time her husband is not working.
>
> She lives in Section 8 housing and pays $250.00 a month in rent and approximately $1,000.00 in utilities.
>
> She receives approximately $110.00 a month in food stamps.
>
> [Mother] testified that she has joint custody with [appellant][;] however, [appellant] never followed through with the custody agreement.
>
> [Mother] testified that her son slept over [at appellant's] house every once in a while.
>
> . . . .
>
> [Appellant] appealed because he and [mother] had a verbal agreement that he would pay $200.00 a month in child support and now that Domestics added healthcare[,] he is basically paying approximately $400.00 a month and he cannot afford to pay both.

In the beginning of the hearing[,] [appellant] testified that he resides in Morganville, New Jersey with his mother and his children.

Later on during the hearing[,] [appellant] testified that he resides with [] the mother of three of his children.

[Appellant] testified that he has shared custody of the minor we are here about for support.

[Appellant] testified that he is employed at [a trucking company] as a driver and is paid [42 cents] a mile and works approximately 60-70 hours a week.

Before his position at [that trucking company,] he was employed at [another trucking company] and was being compensated by the mile.

He did not provide any other income information although the Master did try and obtain a more exact number.

Additionally, when asked to produce his income taxes, he testified that he hasn't filed taxes in 3 years.

[Appellant] testified that he lives in a home and "shares bills" with his mother.

He testified that he gives his mother approximately $1,000.00 a month for utilities but did not provide any documentation nor could he tell me the amount of each utility per month.

He testified that he pays $300.00 a month for child support for other children, which he is appealing now.

He has another child support case pending which he[,] as of the date of the hearing[,] was not paying support on.

[Appellant] testified that he isn't paying any support as of the hearing date on the case he is appealing.

[Appellant] did not provide any documentation that he is in fact paying support.

Contradictory to his prior testimony, he testified that he is residing with his wife and children.

He testified that his wife does not work and that she was receiving public assistance before but is now in the [process] of transferring it.

When asked by the Master how much his wife is receiving in food stamps[,] he was unable to answer the question.

He testified that at one point he was paying $300.00 to his wife for the care of the children, but is no longer.

[Appellant] attempted to submit copies of two court dates from other jurisdictions which [mother] objected to and the Master sustained the objection.

He did not [provide] any current support orders from any other State or City as evidence.

[Appellant] testified that he cannot pay $200.00 for child support and also pay for medical insurance for his minor child.

He [bases] his argument on [the] fact that he is Court Ordered from Michigan to pay child support and Court Ordered from New Jersey to pay child support there.

[Appellant] offered no concrete proof of support obligations in any other jurisdiction other than hearing notices.

*Id.* at 2-4 (paragraph numbers omitted).

Appellant raises the following issues for our review:

> Should have the Master denied entering other child support orders [into] evidence?
>
> Should the Master practice from the bench?
>
> Did the Master [sic] finding facts [sic] match the testimony given on April 27, 2015?
>
> Did the Master take into consideration [appellant's] children that resided with him?
>
> Should have the Master honor [sic] the agreement [mother] and [appellant] agreed too [sic]?
>
> Did the Master show a bias towards [appellant]?

Appellant's brief at 2.

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Rich v. Rich*, 967 A.2d 400, 405 (Pa.Super. 2009) (citations omitted).

We defer to the trial court's credibility determinations with respect to witnesses who have appeared before it because that court has had the opportunity to observe their demeanor. *Habjan v. Habjan*, 73 A.3d 630, 644 (Pa.Super. 2013).

Moreover, this court may quash or dismiss an appeal if the appellant fails to substantially conform to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Karn v. Quick & Reilly Inc.***, 912 A.2d 329, 335 (Pa.Super. 2006) (citations omitted). Appellate arguments that fail to adhere to these rules may be considered waived, and arguments that are not appropriately developed, including those where a party fails to cite to any authority to support a contention, are waived. ***Id.*** at 336 (citation omitted).

Here, appellant advances no legal argument that the support master abused its discretion by misapplying the law, exercising its discretion in a manner that lacked reason, or failing to follow legal procedure. Rather, a review of the "reasoning" section of appellant's brief demonstrates that the issues appellant raises focus on what he alleges is the master's failure to consider appellant's personal hardships when it fashioned its support recommendation. Those complaints invite us to reweigh the master's credibility determinations. We decline appellant's invitation to do so because that is not our role. Finally, with respect to appellant's assertion of error regarding the master's evidentiary ruling concerning other child support orders, it was critical for appellant to produce documentary evidence of other support and expense obligations in order to successfully pursue a modification of support. Appellant failed to provide such evidence.

Order affirmed.

J. A09004/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2016