J-S75030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.R. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| L.T. | : | No. 937 WDA 2017 |

Appeal from the Order Entered June 9, 2017
In the Court of Common Pleas of Allegheny County
Family Court at No(s):  FD-07-003697-004

BEFORE:  SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                          **FILED MAY 3, 2018**

J.R. appeals, *pro se*, from the order entered in Allegheny County, on June 9, 2017, ordering him to pay sanctions totaling $6,600.00, representing reasonable attorneys' fees incurred by Women's Center and Shelter of Greater Pittsburgh (WCSGPGH) in representing L.T. through several frivolous appeals previously filed by J.R.  In this timely appeal, J.R. raises five issues, none of which is developed or includes proper citations to relevant law.  We find all issues to be waived.

Initially, we observe the following:

Rule 2119.  Argument

(a) General rule. The argument shall be divided into as many parts as there are questions to be argued; and shall have ... such discussion and citation of authorities as are deemed pertinent.

* * *

Pa.R.A.P. 2119(a). "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." *Lackner v. Glosser*, 892 A.2d 21, 29-30 (Pa. Super. 2006) (internal citations omitted).

*Karn v. Quick & Reilly, Inc.*, 912 A.2d 329, 336 (Pa. Super. 2006).

We recite the trial court's introductory paragraph from its Pa.R.A.P. 1925(a) opinion.

In this, his eleventh appeal, Plaintiff [J.R.] ("Father"), *pro se*, appeals this Court's Orders of June 7, 2017, which established at the direction of the Superior Court the amount of reasonable counsel fees to be awarded to Defendant [L.T.] ("Mother"). After an evidentiary hearing, the Court determined that sum to be $6,600. The reason for the appellate missive was Father's abuse of legal process as to three previous appeals,[1] which were all substantively similar and similarly frivolous, dilatory, obdurate and vexatious. *See* Superior Court Memorandum of Law, dated February 21, 2017.[1] *See also* Pa.R.A.P. § 2744.

_____
[1] *See* 1870 WDA 2015; 2002 WDA 2016; and 456 WDA 2016.
_____

Trial Court Opinion, 8/25/2017, at 1.

As noted above, in his *pro se* appellant's brief, J.R. has failed to develop his arguments and has provided no relevant citations to proper legal authority

_____

[1] *J.R. v. L.T.*, 2017 WL 679944, February 21, 2017 (unpublished memorandum). J.R. failed to cite to legal authority in this appeal, as well. Between February 21, 2017 and this decision, two other appeals filed by J.R. have been resolved by our Court. The first of them, 1395 WDA 2016, was decided in October 26, 2017. J.R. was not entitled to relief. The second, 60 WDA 2017, was decided on August 28, 2017. The latter case was also remanded for imposition of counsel fees against J.R.

in contradiction to Pa.R.A.P. 2119(b). Moreover, J.R. has an extensive history of filing vexatious appeals, which also fail to comport with the Rules of Appellate Procedure. J.R. cannot claim ignorance of these requirements, as other appeals have been similarly flawed. J.R. has cited no case in support of any of his arguments. Those arguments are largely a restatement of his failed arguments at the evidentiary hearing; the arguments found in his brief simply assert the trial court erred or abused its discretion. This failure to develop his arguments renders us unable to provide a proper legal analysis of any of his claims, resulting in waiver.

Although we have found the issues to have been waived, we comment briefly on one of J.R.'s claims. Specifically, J.R. argues the trial judge should have disclosed the fact that she had donated $499.00 or less to the Women's Center and Shelter of Greater Pittsburgh (WCSGPGH) sometime prior to this matter, and then should have recused herself. The WCSGPGH represented Thompson in this matter and was the recipient of the fee sanction imposed on J.R. To prove his claim, J.R. provided a copy of the WCSGPGH 2012-2013 annual report that lists the judge and her husband as donors in the "Up to $499" category. This indicates a donation of an amount between $1.00 and $499.00, approximately five years prior to the fee hearing at issue. There appears to be more than 2,300 similar donors in this category. There is nothing in the record to indicate any subsequent or prior donations to the WCSGPGH from the trial judge or her husband.

In support of this argument, J.R. has cited to Pa. § 99.1, 2, 3 and Pa. § 33, Rule 1, 2, 3. We believe these are citations to 204 PA Code 99, Code of Civility and 207 PA Code 33, Code of Judicial Conduct. However, other than mentioning these Codes, J.R. has provided no specific citations to any legal authority to support his interpretations of the Codes. Such generic references are not sufficient to support his claims. Further, we believe a donation to a charitable institution, which provides multiple services to clients - not simply legal advice (the service at issue herein), in an unknown amount but less than $499.00, a single time, years prior to the ruling at issue, requires neither disclosure nor recusal. Simply put, the single donation at issue is too remote from the instant matter to raise the specter of bias or prejudice.

Because J.R. has failed to develop his arguments or provide relevant citation to legal authority to support this appeal, we find all his argument to be waived. Accordingly, the order entered June 9, 2017, requiring J.R. to pay $6,600.00 to the WCSGPGH, representing reasonable attorneys' fees, is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2018