J-A16018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SUNTRUST MORTGAGE, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TRACY C. BOGANS AND ANGELA WEST-BOGANS | : | |
| | : | No. 1574 MDA 2018 |
| APPEAL OF:  ANGELA WEST-BOGANS | : | |

Appeal from the Order Dated May 22, 2018
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2010-7923

| | | |
|---|---|---|
| SUNTRUST MORTGAGE, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TRACY C. BOGANS AND ANGELA WEST-BOGANS | : | |
| | : | No. 1575 MDA 2018 |
| APPEAL OF:  ANGELA WEST-BOGANS | : | |

Appeal from the Order Dated May 24, 2018
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2010-7923

| | | |
|---|---|---|
| SUNTRUST MORTGAGE, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TRACY C. BOGANS AND ANGELA WEST-BOGANS | : | |
| | : | No. 1580 MDA 2018 |
| APPEAL OF:  ANGELA WEST-BOGANS | : | |

J-A16018-19

Appeal from the Order Dated May 25, 2018
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2010-7923

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 17, 2019**

Angela West-Bogans (Appellant) appeals *pro se* from the judgment entered in favor of SunTrust Mortgage, Inc. (SunTrust) in this action to quiet title.[1]   Upon review, and consistent with Pa.R.A.P. 2101, we dismiss this appeal due to the numerous deficiencies in Appellant's brief which impede meaningful review.

The trial court made the following findings of fact as supported by the record.  **See** Order & Amended Findings of Fact, 5/22/18, at 1-3.  On June 30, 2006, Appellant purchased a home (the Property) in Cumberland County, and executed a mortgage with EquiFirst Corporation for the purchase amount of $475,000.  On February 8, 2007, Appellant executed a deed conveying the Property to her husband, Tracy C. Bogans (Bogans).  Bogans executed two mortgages with SunTrust totaling $575,000 to purchase the Property.[2]  The

_____

* Former Justice specially assigned to the Superior Court.

[1] Upon application by Appellant, this Court consolidated the appeals at 1574 MDA 2018, 1575 MDA 2018, and 1580 MDA 2018.

[2] The mortgages were in the amounts of $460,000 and $115,000.

- 2 -

money advanced from SunTrust to Bogans paid Appellant's mortgage with EquiFirst in full.[3]  Neither Bogans nor Appellant "made any payments on [SunTrust's] mortgages since at least 2011."  *Id.* at 2.  Consequently, SunTrust instituted mortgage foreclosure proceedings against Bogans. Although SunTrust had copies of the 2007 deed and the mortgages, SunTrust learned that for reasons unknown, the original deed and mortgages were never recorded and could not be located.  SunTrust's Amended Complaint, 1/23/17, at 3.

On December 30, 2010, SunTrust commenced the instant action against Appellant and Bogans, raising claims to quiet title and for breach of contract, injunctive relief, and equitable subrogation.  *See* SunTrust's Amended Complaint, 1/23/17.  SunTrust requested that the trial court either:  (1) compel Appellant and Bogans to execute replacement documents; or (2) direct the Cumberland County Recorder of Deeds to accept and record photocopies. The trial court stated:  "This lengthy and convoluted litigation can be boiled down to one simple question:  'Did [Appellant] execute the deed dated February 8, 2007, transferring the . . . property to . . . Bogans?'"  Trial Court Opinion, 8/28/18, at 5.  The trial court also observed that a divorce action had commenced between Appellant and Bogans, and in the underlying civil action,

---

[3] According to SunTrust, Bogans gave the excess proceeds from the loan to Appellant.  SunTrust's Amended Complaint, 1/23/17, at 2.

Appellant claimed to be victimized by Bogans. *Id.* Appellant "denied any knowledge of the deed and/or mortgage[s]," averred "that the deed 'was conveyed fraudulently and under coercion,'" and alleged that SunTrust and Bogans engaged in forgery and civil conspiracy. *Id.* at 2.

The trial court explained that the instant litigation progressed concomitantly with the divorce action "[o]ver . . . several years." Trial Court Opinion, 8/28/18, at 2. Appellant "filed numerous motions, petitions, and other pleadings," which "[f]or the most part . . . reiterated the same theme, *i.e.*, her husband was a cad and she was victimized by him both emotionally and financially." *Id.* at 5. In September 2017, the court in the divorce action awarded the Property to Appellant subject to SunTrust's interest. Order & Amended Findings of Fact, 5/22/18, at 3.

The trial court conducted a hearing on May 4, 2018. SunTrust presented the testimony of the following witnesses: Bogans; Linda Becker, who worked for the title agent and was present at the 2007 closing; and Carolyn Kurtz, who testified as a handwriting expert. Appellant testified in her defense. On May 22nd, the trial court issued findings of fact and conclusions of law determining that Appellant properly executed the deed and Bogans properly executed the two mortgages with SunTrust. The court concluded that the mortgages were valid and directed the Recorder of Deeds to accept for recording photocopies of the deed and the two mortgages, retroactive to February 8, 2007.

The same day, Appellant filed four motions seeking reconsideration and various forms of relief. The trial court denied all, and on May 25th, for the second time,[4] directed the Prothonotary to decline any further filings from Appellant without leave of court, except for a notice of appeal. Appellant filed 12 notices of appeal. The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement "because, based on her history of filing countless rambling petitions, motions, and other pleadings, [the court was] convinced it would be fruitless." Trial Court Opinion, 8/28/18, at 1.

On appeal, Appellant presents thirteen issues for our review. Appellant's Brief at 1-2. In response, SunTrust argues that Appellant's issues are waived. SunTrust's Brief at 15. SunTrust states:

> The Brief and Reproduced Record submitted by Appellant, [ ], do not comply with the Rules of Appellate Procedure. For example (but not exclusively), the factual statements in her Brief do not contain any references to the Reproduced Record. Additionally, [Appellant]'s Brief includes numerous factual assertions and legal arguments that are wholly irrelevant to the issues on appeal.

> Most importantly, however, [Appellant]'s Brief includes numerous issues and orders from the trial court below that are not part of this appeal (and, in one case, relates to an entirely different case). Furthermore, items 3 through 12 of [Appellant]'s Statement of Questions Involved (pages 1 and 2 of her Brief) are neither at issue in this appeal, nor in anyway relevant to this appeal.

_____

[4] On February 23, 2018, the court issued an order prohibiting the Prothonotary from accepting any filings from Appellant, absent specific authorization from the court, until April 6, 2018.

- 5 -

SunTrust's Brief at 5.

Upon review, we agree. In doing so, we recognize that "[t]he summary of argument shall be a concise, but accurate, summary of the arguments presented in support of the issues in the statement of questions involved." Pa.R.A.P. 2118.

Further, Rule 2119 prescribes that the argument section of a brief:

**(a)** General rule. The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part — in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

**(b)** Citations of authorities. Citations of authorities in briefs shall be in accordance with Pa.R.A.P. 126 governing citations of authorities.

**(c)** Reference to record. If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears (*see* Pa.R.A.P. 2132).

**(d)** Synopsis of evidence. When the finding of, or the refusal to find, a fact is argued, the argument must contain a synopsis of all the evidence on the point, with a reference to the place in the record where the evidence may be found.

**(e)** Statement of place of raising or preservation of issues. Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(c), or substantially the same information.

Pa.R.A.P. 2119(a)-(e).

"Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." **Karn v. Quick & Reilly**, 912 A.2d 329, 336 (Pa. Super. 2006) (citation omitted).

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

**Wilkins v. Marsico**, 903 A.2d 1281, 1284-1285 (Pa. Super. 2006) (citation omitted).

Here, Appellant's brief includes a section titled "Statement of Argument," which we construe as her summary of the argument. **See** Pa.R.A.P. 2118. This section includes 28 sub-headings, each supported with a short paragraph. Despite the trial court's reference to Appellant's "countless rambling" filings, Appellant continues to deviate from the issue before us (whether Appellant properly executed the February 8, 2007 deed), and makes numerous conclusory statements without factual background, context, and relevancy. For example, Appellant asserts that her "[o]fficial marriage

ceremony [with Bogans] . . . was held at residence on October, 2007. Common-law marriage was ruled invalid," and Bogans[5] "has over $350,000 in tax liens attached to [his] name and over $100,000 attached to the residence at 1410 Wyeth Street, Dauphin County, Pennsylvania." Appellant's Brief at 2, 6.

Likewise, Appellant's 24-page argument section is nonsensical. Appellant expresses her grievances with Bogans, the majority of which, in addition to lacking an explanatory context, are unrelated to the order from which Appellant appealed, in which the trial court found that Appellant properly executed the deed to the Property in **Cumberland County**. For instance, Appellant states that Bogans "claimed ownership of the rental property in **Dauphin County** [a]nd reignited the domestic abuse against Appellant by contacting tenants, which caused tenant [*sic*] to refuse to pay rental payments . . . and refuse move [*sic*]"; Appellant also states that Bogans satisfied a mortgage on "property . . . in **Philadelphia County** . . . to defeat equitable distribution." Appellant's Brief at 13-15 (emphases added).[6] We also note that to the extent that a legal argument may be

_____

[5] Appellant repeatedly refers to Bogans as "Absent Appellant."

[6] Appellant electronically-filed portions of her brief separately, and the argument section of her brief is not paginated. Based on the pagination of other parts of her brief, we designate the first page of her argument section as Page 7.

inferred, Appellant fails to cite proper authority.[7]

In sum, we are unable to discern any meaningful legal argument on appeal. We therefore agree with SunTrust that Appellant has waived her appellate issues, and consistent with Pa.R.A.P. 2101, conclude that the substantial deficiencies in Appellant's brief warrant dismissal of this appeal.

Appeal dismissed. Case stricken from the June 25, 2019 argument list. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/17/2019

---

[7] For example, Appellant mentions the violation of the "statue [*sic*] of limitations under *Pa.RCP § 248* (*sic*)." Appellant's Brief at 2. However, Appellant does not otherwise discuss Rule 248, which does not address any statute of limitations. **See** Pa.R.C.P. 248 ("The time prescribed by any rule of civil procedure for the doing of any act may be extended or shortened by written agreement of the parties or by order of court.").