J-S64030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF: R.A.R. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: S.R., NATURAL MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1182 WDA 2019 |

Appeal from the Order Entered June 28, 2019
In the Court of Common Pleas of Clearfield County Orphans' Court at
No(s):  OC No. 3513-2018

BEFORE:   BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED NOVEMBER 26, 2019**

S.R. (Mother) appeals from the trial court's order terminating her parental rights to her minor daughter, R.A.R. (born 6/2017).  After careful review, we affirm.

R.A.R. has been in foster care since she was two days old;[1] Mother has not seen R.A.R. since September 2017.  Following R.A.R.'s birth in Clearfield County, Clearfield County Children and Youth Services (CYS) was notified with regard to concerns about Mother's parenting abilities, mental health, insufficient income, and housing stability.  Despite being offered services from

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] On June 21, 2017, the court entered an emergency protective order, placing R.A.R. in CYS' legal and physical custody.  R.A.R. was declared dependent on July 5, 2017.

CYS,[2] Mother still has the same parenting deficiencies two years after R.A.R.'s placement in foster care. In addition, Mother has failed to attend unsupervised visitations with R.A.R.[3] and has been uncooperative with CYS. Testimony at the termination hearing from both R.A.R.'s caseworker and foster mother indicate that R.A.R. is thriving in foster care with a pre-adoptive family and that termination would be in R.A.R.'s best interests. R.A.R.'s caseworker also testified that she never witnessed a bond between Mother and R.A.R., and that due to Mother's lack of ongoing participation in visitation, there has been no opportunity for the parent-child bond to form.

Here, Mother's brief is woefully deficient – lacking in substance and non-conforming with our Rules of Appellate Procedure.[4] However, we decline to

_____

[2] Mother's goals, outlined in the permanency plan, included attending therapy, having a risk assessment completed, drug testing, anger management, and completing parenting classes. Mother did not attain any of these goals.

[3] In September 2017, Mother left Clearfield County and moved to Allentown to collect her personal belongings from Father. Father, who voluntarily relinquished his parental rights to R.A.R. on January 23, 2019, is not involved in this appeal.

[4] We are compelled to point out that Mother's entire brief is 3½ pages in length, includes a citation to one case, and has no citations to the certified record. Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim may be deemed waived. **See In re W.H.**, 25 A.3d 330, 339 n.3 (Pa. Super. 2011) (citation omitted); **see also** Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). Mother has also failed to append a copy of the trial court's

quash the appeal or find her issues waived where we can glean from the scant argument in her brief that Mother asserts that the trial court erred in terminating her parental rights to R.A.R. Mother argues that she has: unsuccessfully attempted to have the case transferred to Lehigh County; allegedly sought mental health counseling with no success; is working at a restaurant; and will be collecting Social Security benefits soon. How these facts amount to what she calls "extraordinary measures to reunite with her child," Appellant's Brief, at 4, is beyond this Court's comprehension. Mother has been completely non-compliant with her permanency objectives and, in fact, told CYS that she did not want to complete any of her plan goals. N.T. Termination Hearing, 1/23/19, at 42. Most critically, Mother does not address how CYS failed to present clear and convincing evidence to prove that terminating her parental rights to R.A.R's was proper under 23 Pa.C.S.A. §§ 2511(a) and (b) of the Adoption Act.

After a comprehensive review of the record, including the notes of testimony from the termination hearing, we conclude that the trial court did not err in terminating Mother's parental rights to R.A.R. under section 2511(a)(1) (termination proper where parent, for six months immediately preceding filing of termination petition, has refused or failed to perform

_____

opinion and her Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal to her appellate brief. **See** Pa.R.A.P. 2111(b), (d); **see also Karn v. Quick & Reilly, Inc.**, 912 A.2d 329 (Pa. Super. 2006) (appeal may be dismissed or quashed where deficiencies in appellant's brief are such that Court unable to conduct meaningful review).

parental duties) and section 2511(b) (court shall give primary consideration to "developmental, physical, and emotional needs and welfare of the child," which includes "[i]ntangibles such as love, comfort, security, and stability."). *See In re Adoption of S.P.*, 47 A.3d 817, 826 (Pa. 2012) (standard of review in termination of parental rights cases requires appellate courts "to accept the findings of fact and credibility determinations of the trial court if they are supported by the record.").

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2019