J-A11031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ELIZABETH KINARD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ERIK KINARD | : | |
| | : | |
| Appellant | : | No. 1252 MDA 2017 |

Appeal from the Order Entered June 19, 2017
in the Court of Common Pleas of York County
Civil Division at No.:  2016-SU-001079-04

BEFORE:   STABILE, J., NICHOLS, J., and PLATT*, J.

JUDGMENT ORDER BY PLATT, J.:                    **FILED APRIL 23, 2018**

Appellant, Erik Kinard, appeals *pro se* from the trial court's order in this ejectment action, granting the motion of Elizabeth Kinard, Appellee, for judgment on the pleadings.  We dismiss Appellant's appeal based on his deficient brief.

Appellant has filed a non-compliant and substantially deficient brief for our review.  Among numerous defects, he fails to present a statement of jurisdiction, order in question, statement of questions, statement of the case, summary of argument, or even a separately identified argument.  (**See** Appellant's Brief, at 3-7); Pa.R.A.P. 2111.  Appellant's presented argument provides no legal discussion or citation of pertinent authority, and no references to anything in the record.  **See** Pa.R.A.P. 2119(a)-(c).

_____
* Retired Senior Judge assigned to the Superior Court.

"[T]his Court may quash or dismiss an appeal if the appellant fails to conform substantially to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure." **Karn v. Quick & Reilly Inc.**, 912 A.2d 329, 335 (Pa. Super. 2006), *appeal denied*, 931 A.2d 659 (Pa. 2007) (citations omitted); **see** Pa.R.A.P. 2101. It is particularly important for an appellant to include a statement of questions involved. **See Branch Banking & Tr. v. Gesiorski**, 904 A.2d 939, 942 (Pa. Super. 2006). Furthermore,

> . . . [A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

**Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (citations omitted).

Here, Appellant's *pro se* appellate brief falls well below the standard for compliance with our Rules of Appellate Procedure, and in doing so, precludes our meaningful appellate review. **See** Pa.R.A.P. 2111. Accordingly, we dismiss his appeal.[1]

Case stricken from argument list. Appeal dismissed.

---

[1] Appellant's application for continuance, filed April 18, 2018, is dismissed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>04/23/18</u>