J-A15018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK, NA AS TRUSTEE ON BEHALF OF HOME IMPROVEMENT AND HOME EQUITY LOAN TRUST 1997-E BY GREEN TREE SERVICING, LLC | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | No. 1947 MDA 2017 |
| JERRY W. AXE AND LINDA S. AXE | : : | |
| Appellants | : | |

Appeal from the Order Entered November 16, 2017
In the Court of Common Pleas of York County Civil Division at No(s):
2013-SU-003676-06

BEFORE:  PANELLA, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 08, 2018**

Jerry W. Axe and Linda S. Axe (Appellants) appeal *pro se* from the trial court's order denying their motion to set aside sheriff's sale following a mortgage foreclosure action.  Appellants have failed to comply with the Pennsylvania Rules of Appellate Procedure.  Accordingly, we dismiss the appeal.

On October 11, 2013, U.S. Bank, N.A.[1] (U.S. Bank) filed a mortgage foreclosure complaint against Appellants for their property located at 12054 Mt. Olivet Road, Felton, PA 17322 (the Property).  Appellants did not file an

_____

[1]  Acting as trustee on behalf of Home Improvement and Home Equity Loan Trust 1997-E by Green Tree Servicing, LLC.

answer to the complaint, and the trial court entered a default judgment in favor of U.S. Bank on January 7, 2014.

Between August 1, 2014 and June 12, 2017, Appellants filed four separate bankruptcy petitions with the United States Bankruptcy Court in the Middle District of Pennsylvania (bankruptcy court)[2] in an attempt to stay U.S. Bank's efforts to list the Property for sheriff's sale.[3] The bankruptcy court dismissed each of these petitions and on July 6, 2016, entered an order permitting U.S. Bank to proceed with the underlying action. Accordingly, U.S. Bank filed a writ of execution and, after proper notice, the Property was sold for $2,749.52 and deeded to U.S. Bank on July 12, 2017. On the morning of the sheriff's sale, Appellants filed their fourth bankruptcy petition in an unsuccessful effort to stay the proceedings.[4]

On October 28, 2017, Appellants filed a motion to nullify the sheriff's sale, arguing that U.S. Bank and the sheriff's office acted in bad faith because they ignored the pending bankruptcy action. The trial court conducted a

---

[2] Appellants filed Chapter 13 bankruptcy petitions on August 1, 2014, December 4, 2015, April 17, 2017, and June 12, 2017.

[3] Section 362 of the Bankruptcy Code generally states that an automatic stay goes into effect for "any act to obtain possession of property of the estate or . . . to exercise control over property of the estate" upon the filing of a bankruptcy petition. 11 U.S.C.A. § 362(a)(3).

[4] Section 362 of the Bankruptcy Code provides that the automatic stay will not go into effect where "2 or more single or joint cases of the debtor were pending within the previous year but were dismissed." 11 U.S.C.A. § 362(c)(4)(A)(1)

hearing and issued an order denying Appellants' motion on November 16, 2017.

On December 15, 2017, Appellants filed a timely *pro se* notice of appeal. On December 19, 2017, the trial court entered a Pa.R.A.P. 1925 order directing Appellants to file a concise statement of errors complained of on appeal. Appellants filed a *pro se* Rule 1925(b) statement and the trial court issued an opinion on February 9, 2018. Before we consider the merits of Appellants' issues on appeal, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa. Super. 2010) (internal citations omitted), *appeal denied*, 20 A.3d 489 (Pa. 2011). The Pennsylvania Rules of Appellate Procedure require that an appellate brief consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in paragraphs (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a)(1)-(12).  **See also** Pa.R.A.P. 2114-2119 (addressing in greater detail the specific requirements of appellate briefs).  Failure to include a statement of the questions involved "is particularly grievous since [it] defines the specific issues this Court is asked to review." **Commonwealth v. Maris**, 629 A.2d 1014, 1015-16 (Pa. Super. 1993) (holding that this Court is not required to consider arguments not set forth in a statement of questions involved); **Lackner v. Glosser**, 892 A.2d 21, 29-30 (Pa. Super. 2006).

It is well-settled that when appellants fail to properly raise or develop their issues on appeal, or when their brief is wholly inadequate to present specific issues for review, this Court will not consider the merits of the claims. **Karn v. Quick & Reilly Inc.**, 912 A.2d 329, 337 (Pa. Super. 2006), **appeal denied**, 931 A.2d 659 (Pa. 2007) (appeal dismissed for substantial briefing

defects that hampered this Court's ability to conduct meaningful review); **Lackner**, 892 A.2d at 29 (appellate arguments which are not appropriately developed, or fail to adhere to the Rules of Appellate Procedure, are waived).

Instantly, the defects in Appellants' brief are substantial. Appellants' brief omits a statement of jurisdiction, a statement of both scope and standard of review, a statement of questions involved, a summary of the argument, a copy of the statement of errors complained of on appeal, and certificates of compliance. Appellants' argument section is disjointed and conclusory, and it does not address how the trial court allegedly erred by considering Appellants' dismissed bankruptcy petition in relation to Section 362(c)(4)(A)(1) (exceptions to the automatic stay). Appellants generally cite federal authorities relating to "willful violation" of an automatic stay, but provide no meaningful discussion as to why these cases apply to this appeal. Appellants Brief at C, H.[5]

Accordingly, for the above reasons, we dismiss Appellants' appeal for failure to adhere to our rules of appellate procedure – particularly the failure to develop a substantive legal argument. **See Karn v. Quick & Reilly Inc.**, 912 A.2d at 337; **Lackner**, 892 A.2d at 29-30; **Maris**, 629 A.2d at 1015-1016.

Finally, we note that even if Appellants had presented a cogent argument, the trial court correctly explained that there was no automatic stay

---

[5] Rather than page numbers, Appellants' brief is divided alphabetically into sections A through K.

in effect at the time Appellants filed their fourth bankruptcy petition, given that Appellants had two separate petitions dismissed in 2017. **See** 11 U.S.C.A. § 362(a)(3); Trial Court Opinion, 2/8/18, at 9 ("The evidence logically established . . . that the automatic stay was not in effect when [Appellants'] property was sold at a sheriff's sale . . . despite [Appellants] filing for bankruptcy that morning . . .").

Appeal dismissed. Case stricken from the June 19, 2018 argument list. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/08/2018