J-S41003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| REBECCA STRAUSBAUGH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL STRAUSBAUGH | : | |
| | : | |
| Appellant | : | No. 209 MDA 2019 |

Appeal from the Order Entered January 22, 2019
In the Court of Common Pleas of Adams County Civil Division at No(s):
2012-SU-0000185

BEFORE: LAZARUS, J., MURRAY, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY LAZARUS, J.: **FILED: JULY 23, 2019**

Michael Strausbaugh (Husband) appeals, *pro se*, from the orders,[1]
entered in the Court of Common Pleas of Adams County, denying his motion
to open the divorce decree[2] and denying his motion to strike/vacate the
divorce decree. We dismiss this appeal.

---

[1] Although Husband filed a single notice of appeal from two orders (one order dated December 28, 2018, and one dated January 22, 2019, both orders were entered on the same trial court docket number. **See Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018) ("[W]hen a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed[;] failure to do so will result in quashal of the appeal."). **See also** Pa.R.A.P. 341.

[2] We note, however, that this appeal lies properly only from the January 22, 2019 order denying Husband's motion to vacate or strike. The appeal from the order denying Husband's petition to open, which was denied on December 28, 2018, is untimely. **See** Pa.R.A.P. 903 (notice of appeal shall be filed within 30 days after entry of order from which appeal is taken). **See also** Pa.R.C.P. 1930.2(b) (in domestic relations matters, party may file motion for

---

\* Retired Senior Judge assigned to the Superior Court.

On October 15, 2013, Rebecca Strausbaugh (Wife) filed a complaint in divorce, 23 Pa.C.S.A. § 3301(d). At that time, both Husband and Wife were incarcerated in federal prison. On November 22, 2013, Husband filed a counter-affidavit, indicating that he opposed entry of a divorce decree because the parties had not lived separate and apart for a period of at least two years and that the marriage was not irretrievably broken. In the alternative, Husband sought economic relief. Husband acknowledged in his counter-affidavit that the parties' date of separation was March 18, 2011, as they both had been incarcerated since that time.

On January 7, 2014, the court entered a decree in divorce. On January 18, 2019, Husband filed a motion to vacate or strike the divorce decree. The court denied this motion on January 22, 2019. This timely appeal followed.

The Pennsylvania Rules of Appellate Procedure set forth mandatory briefing requirements for litigants. *See* Pa.R.A.P. 2101 *et seq.* This Court may quash or dismiss an appeal where an appellant's brief fails to substantially conform to the briefing requirements. Pa.R.A.P. 2101. Here, Husband's two-page brief does not comply with this Court's rules of appellate procedure. Although Husband states the court erred in denying his petition to vacate or strike the divorce decree, he has not included in his brief a summary of argument or citation to any legal authority. *See* Pa.R.A.P. 2118, 2119.

_____

reconsideration in accordance with Pa.R.A.P. 1701(b)(3); if court does not grant reconsideration within time permitted, time for filing notice of appeal will run as if motion had never been presented). Thus, we quash the appeal from the December 28, 2019 order as untimely.

"Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." *Karn v. Quick & Reilly*, 912 A.2d 329, 336 (Pa. Super. 2006) (citation omitted). Moreover, an appellant's *pro se* status does not relieve him of the obligation to follow the Rules of Appellate Procedure. *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). *See Wilkins v. Marsico*, 903 A.2d 1281, 1284-85 (Pa. Super. 2006) (this Court is willing to liberally construe materials filed by *pro se* litigant, but *pro se* status confers no special benefit upon appellant).

Consistent with Rule 2101, we conclude that the substantial deficiencies in Husband's brief warrant dismissal of this appeal. *See Karn v. Quick & Reilly Inc.*, 912 A.2d 329, 336 (Pa. Super. 2006) ("Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived."); *see also* Pa.R.A.P. 2111-2119 ((discussing required content of appellate briefs and addressing specific requirements of each subsection of brief on appeal).

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/23/2019</u>