J-S54028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| A.W. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| D.T. | : | |
| | : | |
| Appellant | : | No. 438 MDA 2019 |

Appeal from the Order Entered February 27, 2019
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
1814-2019

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED OCTOBER 09, 2019**

Following a protection from abuse ("PFA") hearing held before the Honorable William H. Amesbury in the Court of Common Pleas of Luzerne County on February 21, 2019, the court entered a final PFA order against D.T. in favor of A.W., the mother of his child.  D.T. filed a timely notice of appeal, *pro se*, to this Court.  We quash.

This Court may quash or dismiss an appeal if the appellant fails to conform substantially to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure.  ***Karn v. Quick & Reilly***, 912 A.2d 329, 335 (Pa. Super. 2006); Pa.R.A.P. 2101.  "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in

support of a contention." ***Karn***, 912 A.2d at 335, quoting ***Lackner v. Glosser***, 892 A.2d 21, 29-30 (Pa. Super. 2006) (internal citations omitted).

Here, D.T.'s brief is in violation of nearly every Rule of Appellate Procedure. D.T. fails to include a statement of the court's jurisdiction, a statement of this Court's scope and standard of review, a statement of the order in question, and a summary of his argument, as required by Pa.R.A.P. 2111(a). Nor does D.T. include a statement of questions involved pursuant to Pa.R.A.P. 2116, or a statement of the place of raising or preservation of issues pursuant to Pa.R.A.P. 2117(c). Finally, D.T.'s argument section is devoid of either citation to the record or discussion of, and citation to, authorities. ***See*** Pa.R.A.P. 2119. Instead, he uses his argument section as a platform to rail against the injustices he believes to be perpetrated against men by the court system and to relitigate the trial court's credibility determinations.

Appellate briefs must conform materially to the requirements of the appellate rules and this Court may quash or dismiss an appeal if the defect in the brief is substantial. ***Commonwealth v. Adams***, 882 A.2d 496, 497–98 (Pa. Super. 2005); Pa.R.A.P. 2101. This Court "will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007). Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a

*pro se* appellant enjoys no special benefit. ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017). Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. ***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003).

Because the defects of D.T.'s brief substantially impede our ability to conduct meaningful appellate review, we quash the appeal.

Appeal quashed. Appellee's application to extend time to file brief denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/2019