J-S08012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IMPROVED DWELLING FOR ALTOONA, INC. T/D/B/A IDACON, LTD. | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| LARRY ETTERS | : : | No. 848 WDA 2019 |
| Appellant | : | |

Appeal from the Order Entered April 24, 2019
In the Court of Common Pleas of Blair County Civil Division at No(s):
2018 GN 3216

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:　　　　　　**FILED FEBRUARY 20, 2020**

Appellant, Larry Etters, appeals *pro se* from an order granting summary judgment in favor of Improved Dwelling for Altoona, Inc. ("IDACON, LTD."). For the following reasons, we dismiss this appeal.

The facts and procedural history of this case are as follows.  Appellant resided in a multi-story apartment building operated by IDACON, LTD.  Trial Court Order and Opinion, 4/24/19, at 1.  After Appellant "assault[ed] a fellow tenant," however, IDACON, LTD. sought to evict Appellant because his actions violated his lease agreement.  *Id***.**

On October 28, 2018, Magisterial District Judge Daniel C. DeAntonio granted IDACON, LTD. possession of the premises.  *Id***.**  Appellant appealed this decision to the Court of Common Pleas of Blair County.  *Id***.**  Thus, on November 15, 2018, IDACON, LTD. filed a complaint in ejectment.  *Id***.**

Appellant then filed an answer on December 26, 2018. Appellant's Amended Answer, 12/26/18, at *1-19 (un-paginated). Thereafter, IDACON, LTD. filed a motion for summary judgment, together with a brief in support, on February 27, 2019. Trial Court Opinion, 7/17/19, at 1. Appellant failed to respond. **Id.** On April 24, 2019, the trial court granted IDACON LTD.'s motion for summary judgment. Trial Court Order and Opinion, 4/24/19, at 1-5.

On May 22, 2019, Appellant filed a timely notice of appeal. Appellant's Notice of Appeal, 5/22/19, at 1. On May 24, 2019, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Trial Court Order, 5/24/19, at 1; **see also** Pa.R.A.P. 1925(b). On June 13, 2019, Appellant timely responded. Appellant's Concise Statement of Matters Complained of on Appeal, 6/13/19, at *1-19 (un-paginated). Appellant's submission, however, included a 19-page handwritten document in which he failed to identify any issues complained of on appeal. **Id.** Likewise, in his appellate brief to this Court, Appellant did not present any issues for appellate review. Appellant's Brief at 1-10.

Before "undertaking an analysis of the merits" of Appellant's claims, "we must first determine whether [Appellant] properly preserved [his] issues for appellate review." **Kanter v. Epstein**, 866 A.2d 394, 400 (Pa. Super. 2005), *appeal denied*, 880 A.2d 1239 (Pa. 2005). Previously, we explained:

> In **Commonwealth v. Lord**, [719 A.2d 306 (Pa. 1998)], the Pennsylvania Supreme Court specifically held that . . . in order to preserve [a] claim[] for appellate review, [an a]ppellant[] must

comply whenever the trial court orders [him] to file a [s]tatement of [m]atters [c]omplained of on [a]ppeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). [**Kanter**, 866 A.2d at 400].

Rule 1925(b) authorizes a trial court to order an appellant to file a "concise statement of matters complained of on appeal." Pa.R.A.P. 1925(b). Failure to comply with a Rule 1925(b) order may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of. Regarding vague or overly broad statements, this Court has also stated:

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.
>
> In other words, a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all. While [**Lord**] and its progeny have generally involved situations where an appellant completely fails to mention an issue in his [c]oncise [s]tatement, for the reasons set forth above we conclude that **Lord** should also apply to [c]oncise [s]tatements which are so vague as to prevent the court from identifying the issue to be raised on appeal. [Thus, if a vague or overly broad concise statement hampers appellate review, no issues are presented for purposes of appeal. **Commonwealth v. Dowling**, 778 A.2d 683, 686-687 (Pa. Super. 2001)].

**Karn v. Quick & Reilly Inc.**, 912 A.2d 329, 335 (Pa. Super. 2006).

We conclude that Appellant's issues on appeal are waived because he failed to supply the trial court with a proper Rule 1925(b) statement. Indeed, Appellant filed a rambling 19-page handwritten document. Appellant's Concise Statement of Matters Complained of on Appeal, 6/13/19, at *1-19 (un-paginated). This document does not identify issues to be raised on

appeal. Instead, it is a confusing factual recitation of the incident between Appellant and the other tenant, framed exclusively from Appellant's perspective. *Id.* The trial court, in addressing Appellant's submission, opined that, "[i]n light of the unintelligibility of [his 1925(b) statement,] . . . [Appellant's appeal should be dismissed]." Trial Court Opinion, 7/17/19, at 3. The trial court, however, disregarded Appellant's Rule 1925(b) statement and analyzed its order granting the motion for summary judgment filed by IDACON LTD. *Id.* at 3-4. "Even if the trial court correctly guesses the issue Appellant[] raise[s] on appeal and writes an opinion pursuant to that supposition[,] the issue[s] [are] still waived." *Commonwealth v. Heggins*, 809 A.2d 908, 911 (Pa. Super. 2002). We therefore conclude that Appellant's failure to provide the trial court with a proper Rule 1925(b) statement waives appellate review.

Furthermore, we note that Appellant wholly failed to adhere to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pursuant to Pa.R.A.P. 2101, an appellate brief must "conform in all material respects with the requirements of [the appellate rules]." Pa.R.A.P. 2101. If, however, "the defects [] in the brief . . . are substantial," this Court may quash or dismiss the appeal. *Id.* We bring Rule 2111 to Appellant's attention. Specifically, the rule provides:

> (a) **General rule**.--The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:
>
> (1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in paragraphs (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

(b) **Opinions below**.--There shall be appended to the brief a copy of any opinions delivered by any trial court, intermediate appellate court, or other government unit relating to the order or other determination under review, if pertinent to the questions involved. If an opinion has been reported, that fact and the appropriate citation shall also be set forth.

Pa.R.A.P. 2111(a)-(b).

Herein, Appellant's brief does not include: (1) a statement of jurisdiction; (2) the order in question; (3) a statement of the scope and standard of review; (4) a statement of the questions involved; (5) a statement

- 5 -

of the case; (6) a summary of Appellant's argument; (7) a short conclusion of relief sought; (8) the trial court's opinion; (9) a copy of Appellant's Rule 1925(b) statement; and (10) a certification of compliance. Instead, Appellant's brief on appeal is a continuation of the rambling factual recitation he submitted in lieu of a proper Rule 1925(b) statement, without any citation to the record or legal authority, and no legal analysis. **See** Pa.R.A.P. 2119(a)-(c). As such, we conclude that the deficiencies in Appellant's brief are substantial and have "hampered our ability to conduct meaningful appellate review." **Karn**, 912 A.2d at 337. We therefore dismiss this appeal.[1]

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/20/2020

---

[1] We recognize that Appellant handled this entire case without legal representation. "While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that [the] appellant is not entitled to any particular advantage because [he] lacks legal training." **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942 (Pa. Super. 2006) (citation omitted). Indeed, this Court will not "become [Appellant's] counsel" and develop an appellate argument on his behalf. **Id.** Because Appellant's "issues [were] not properly raised and developed in [his] brief[] . . . [and his brief is] wholly inadequate to present specific issues for review," we will not "consider the merits thereof." **Id.**