J-A24018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CEZARY PAWLOWSKI | : | |
| | : | |
| Appellant | : | No. 339 WDA 2020 |

Appeal from the Order Entered February 18, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-SA-0002321-2019

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

JUDGMENT ORDER BY McLAUGHLIN, J.:      **FILED JANUARY 04, 2021**

Cezary Pawlowski, *pro se*, appeals from an order affirming his summary conviction for littering. On appeal, Pawlowski failed to comply with briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Thus, we quash this appeal because of substantial deficiencies in Pawlowski's appellate brief, which have precluded our meaningful review.

Pawlowski was convicted by the magisterial district judge of littering. He filed a summary appeal, and the trial court conducted a *de novo* hearing. Based on the testimony and evidence presented at the hearing, the trial court found that Pawlowski had knocked over his neighbor's trash can and dumped trash all over her porch. The court found him guilty of littering.

After Pawlowski appealed to this Court, he filed a concise statement of errors complained of on appeal, which the trial court described as "repetitious and vague." Trial Court Opinion, 6/03/20, at 2. The court surmised that

Pawlowski seemed to be claiming that the verdict was against the weight of the evidence, that the court considered inadmissible evidence, and that the court limited Pawlowski's ability to present evidence. *See id.*

Parties to an appeal are required to submit briefs to this Court in conformity, in all material respects, with the requirements of the Rules of Appellate Procedure. *See* Pa.R.A.P. 2101; *see also* Pa.R.A.P. 2111(a) (setting forth requirements regarding content of appellant's brief). This Court may quash or dismiss an appeal if the appellant fails to conform to these briefing requirements. *See Karn v. Quick & Reilly Inc.*, 912 A.2d 329, 335 (Pa.Super. 2006).

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa.Super. 2010) (some citations omitted). While this Court may overlook minor defects or omissions in an appellant's brief, we will not act as appellate counsel.

Our review of Pawlowski's brief reveals substantial violations of the Rules of Appellate Procedure. Pawlowski does not include a statement of jurisdiction, a statement of the order in question, a statement of scope and standard of review, a statement of questions involved, a statement of the case, or a summary of argument. *See* Pa.R.A.P. 2111(a). Further, Pawlowski's brief does not cite to any legal authority or to the record in order to support

its allegations. *See* Pa.R.A.P. 2119(a). Because the inadequacies in Pawlowski's brief prevent us from knowing with certainty the claims he is raising on appeal, or whether there is any merit to his claims, we quash his appeal.[1]

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  1/4/2021

_____

[1] Moreover, we observe that even if properly briefed, the claims Pawlowski appears to be attempting to assert would all have been rejected as waived or meritless. If Pawlowski means to challenge the verdict as against the weight of the evidence, he waived such a claim by not raising it before the trial court, as the Pennsylvania Rules of Criminal Procedure require. *See* Pa.R.Crim.P. 607(A). As for a claim that the trial court considered inadmissible evidence, he likewise waived that claim by failing to raise it before the trial court. *See* Pa.R.A.P. 302(a). Finally, the transcript does not reveal any instance where the trial court limited Pawlowski's ability to cross examine a witness or to present evidence. Thus, assuming he preserved such a claim by making an appropriate objection in the trial court, his final claim would be meritless.