J-A10004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

LAUREL RUN ESTATES LLC AND : IN THE SUPERIOR COURT OF
LAUREL RUN ESTATES MOBILE HOME : PENNSYLVANIA
:
:
:
v. :
:
:
:
JAMES HALKE AND ANNIE TYMINSKA :
: No. 1115 MDA 2021
Appellants :

Appeal from the Order Entered July 23, 2021
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 2020-03712

BEFORE: PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.: **FILED: SEPTEMBER 26, 2022**

This matter involves a protracted landlord-tenant dispute over a lot located in a manufactured home park owned by appellee Laurel Run Estates, LLC and leased by appellants James Halke and Annie Tyminska (collectively, "Tenants"). After careful review, we dismiss this appeal.

On January 22, 2020, Laurel Run initiated this landlord-tenant action against Tenants by filing suit before the magisterial district judge alleging that Tenants failed to pay their monthly rent for over two years. Tenants filed a civil cross-complaint, and a hearing was held on February 26, 2020. On March 2, 2020, the magisterial district judge entered judgments in favor of Laurel Run in both matters. Specifically, the court awarded Laurel Run $9,436.00 and possession of the property. Thereafter, Tenants filed, in the Court of Common Pleas, a *pro se* consolidated notice of appeal from each of the

judgments, and Laurel Run filed a complaint and then an amended complaint. Tenants filed preliminary objections to the amended complaint, and Laurel Run filed a response.

In addition, Tenants filed a *pro se* supersedeas affidavit and a petition to proceed *in forma pauperis*. The trial court granted the petition to proceed *in forma pauperis*, and, pursuant to Pa.R.Civ.P.M.D.J. 1008(c), Tenants were not required to post a deposit with the prothonotary to secure the supersedeas. However, when Tenants failed to make monthly rental payments as required of indigent tenants under Pa.R.Civ.P.M.D.J. 1008(c)(3)(b)(iii), Laurel Run filed a praecipe for termination of the supersedeas. Consequently, the prothonotary issued an order terminating the supersedeas, and the prothonotary issued a writ of possession to the sheriff directing the property be delivered to Laurel Run.

Tenants then filed an emergency motion to dissolve and vacate the writ of possession, and the trial court scheduled a hearing on the matter. The following day, the trial court entered an order denying the emergency motion. Tenants filed a motion for reconsideration and stay of eviction, which the trial court denied. Several weeks later, Tenants file a motion seeking to reinstate their appeal before the trial court, and a stay of execution. Again, the trial court denied Tenants' requests in an order filed on July 23, 2021. Counsel for Tenants withdrew his appearance, and Tenants filed this appeal *pro se*.

However, before we may address the merits of the case before us, we note that appellate briefs must materially conform to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***See Giant Food Stores, LLC v. THF Silver Spring Development, L.P.***, 959 A.2d 438, 443 (Pa. Super. 2008). When a party's brief fails to conform to the Rules of Appellate Procedure and the defects are substantial, an appellate court may, in its discretion, quash or dismiss the appeal pursuant to Rule 2101. ***See id***.

Our Rules of Appellate Procedure provide the following guidelines regarding the content of an appellant's brief:

**Rule 2111. Brief of the Appellant**

**(a) General rule.--**The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.
(2) Order or other determination in question.
(3) Statement of both the scope of review and the standard of review.
(4) Statement of the questions involved.
(5) Statement of the case.
(6) Summary of argument.
(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.
(8) Argument for appellant.
(9) A short conclusion stating the precise relief sought.
(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.
(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that

> no order requiring a statement of errors complained
> of on appeal pursuant to Pa.R.A.P. 1925(b) was
> entered.

Pa.R.A.P. 2111. In addition, Rules of Appellate Procedure 2114 through 2119 specify in greater detail the material to be included in briefs on appeal. **See** Pa.R.A.P. 2114-2119.

In particular, Rule 2119 addresses the argument section of appellate briefs and provides, in part, as follows:

> **Rule 2119. Argument**
>
> **(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have … such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." **Estate of Haiko v. McGinley**, 799 A.2d 155, 161 (Pa. Super. 2002); Pa.R.A.P. 2119(b). "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." **Lackner v. Glosser**, 892 A.2d 21, 29-30 (Pa. Super. 2006) (citations omitted). This Court will not act as counsel and will not develop arguments on behalf of an appellant. **See Irwin Union National Bank and Trust Company v. Famous and Famous and ATL Ventures**, 4 A.3d 1099,

1103 (Pa. Super. 2010) (citing **Commonwealth v. Hardy**, 918 A.2d 766 (Pa. Super. 2007)).

As previously stated, this Court may quash or dismiss an appeal where the appellant presents the Court with a defective brief or reproduced record. **See** Pa.R.A.P. Rule 2101 (stating that an appeal may be quashed or dismissed if the defects in the appellate brief or reproduced record are substantial). In **Karn v. Quick & Reilly Incorporated and Fleet Boston Financial Company**, 912 A.2d 329 (Pa. Super. 2006), a panel of this Court was presented with a deficient appellate brief. There, this Court observed that the appellant's brief contained multiple violations of the Pennsylvania Rules of Appellate Procedure. As a result, the panel concluded that the appropriate remedy was to "dismiss the appeal due to the substantial briefing defects in [the a]ppellant's brief, which hampered our ability to conduct meaningful appellate review." **Id**. at 337.

"Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa. Super. 2005) (citing **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003)). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Adams**, 882 A.2d at 498 (citing **Commonwealth v. Rivera**, 685 A.2d 1011 (Pa. Super. 1996)).

To say that the defects in Tenants' brief are minor would be an understatement. Rather, there are substantial defects in the appellate brief which compel us to dismiss this appeal.

Tenants' *pro se* appellate "brief" contains no: Statement of jurisdiction, Order or other determination in question; Statement of both the scope of review and the standard of review; Statement of the questions involved; Statement of the case; Summary of argument; "Argument" for appellant; or a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b). Rather, Tenants' brief presents a disjointed list of eighteen complaints. Appellants' Brief, at 1-11 (unnumbered). Tenants also present a conclusory request for relief. **See** Appellants' Brief, at 12 (unnumbered).

Any purported argument section of Tenants' brief is non-existent beyond bald allegations of error in the trial court. Essentially, Tenants' brief consists of a rambling litany of alleged instances of trial court error lacking any real analysis. For example, Tenants' paragraph 16 spans one and one-half pages but consists of only three sentences. **See** Appellants' Brief at 9-10 (unnumbered). The second sentence is a run-on "argument" spanning over twenty lines. **See id**. Consequently, it is impossible to determine exactly what Tenants' argument entails.

Moreover, although Tenants' brief contains eighteen numbered paragraphs, we observe that the brief consists of general statements reflecting

how Tenants see the facts and history of this case and lacks any discussion and analysis of pertinent legal authority. Consequently, the lack of any legal analysis hinders meaningful appellate review.

In summary, we are perplexed by Tenants' incomprehensible analysis and discussion. The unclear discourse precludes our appellate review. We recognize that Tenants are acting *pro se*. However, as we previously mentioned, their status as a *pro se* litigants does not relieve them of the responsibility to conform to the applicable rules. Therefore, because the substantial defects in the appellate brief filed by Tenants preclude us from conducting meaningful judicial review of any purported "issues," we conclude that dismissal is the appropriate disposition for this appeal.

In light of this dismissal, the ruling of the trial court stands.

Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2022