J-S04006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THERESA FURMAN | : | |
| | : | |
| Appellant | : | No. 2594 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 26, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-SA-0000454-2022

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 18, 2025**

Appellant, Theresa Furman, appeals *pro se* from the judgment of sentence entered September 26, 2023.  For the following reasons, we dismiss this appeal.

On April 5, 2022, Appellant was found guilty of violating the Pennsylvania School Code's compulsory attendance provision following a summary trial held before the magisterial district court.[1]  On May 3, 2022, Appellant appealed her summary conviction to the Delaware County Court of Common Pleas.  On April 25, 2023, after Appellant failed to appear at the summary appeal hearing, the trial court also found Appellant guilty of violating

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 24 P.S. § 13–1327(a); **see also** 24 P.S. § 13–1333.1(a)(2) (providing that, if "a child is habitually truant and under [15] year of age . . . the school [m]ay file a citation in the office of the appropriate judge against the person in parental relation who resides in the same household as the child").

the Pennsylvania School Code's compulsory attendance provision. That same day, Appellant filed a motion for reconsideration, claiming that she had "car troubles [that] morning" and, as such, was unable to attend the summary appeal hearing. Trial Court Opinion, 11/13/23, at 2. On May 9, 2023, the trial court granted Appellant's motion for reconsideration and relisted the summary appeal hearing for September 26, 2023.[2]

The trial court convened the second summary appeal hearing on September 26, 2023, during which Appellant and the Solicitor for Penn Delco School District, Katherine Meehan, Esquire, appeared. Ultimately, the trial court found Appellant guilty of violating the Pennsylvania School Code's compulsory attendance provision and imposed a $300.00 fine.

On October 6, 2023, Appellant filed a timely notice of appeal. On October 10, 2023, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On October 30, 2023, Appellant timely responded. Appellant's submission, however, included a 4-page letter in which she failed to identify any issues complained of on appeal. *See* Appellant's Concise Statement of Matters Complained of on Appeal, 10/30/23, 1-4. Likewise, in her appellate brief to this Court, which

_____

[2] *See* 42 Pa.C.S.A. § 5505 (providing that a court "may modify or rescind any order within 30 days after entry . . . if no appeal from such order has been taken or allowed"); *see also* Pa.R.Crim.P. 720, *cmt*. ("Although there are no post-sentence motions in summary appeals following the trial *de novo* pursuant to paragraph (D), nothing in this rule is intended to preclude the trial judge from acting on a defendant's petition for reconsideration.").

is also in letter format, Appellant did not present any issues for appellate review. *See* Appellant's Brief at 1-4.

Before "undertaking an analysis of the merits" of Appellant's claims, "we must first determine whether [Appellant] properly preserved [her] issues for appellate review." *Kanter v. Epstein*, 866 A.2d 394, 400 (Pa. Super. 2005), *appeal denied*, 880 A.2d 1239 (Pa. 2005). Previously, we explained:

> In *Commonwealth v. Lord*, [719 A.2d 306 (Pa. 1998)], the Pennsylvania Supreme Court specifically held that . . . in order to preserve [a] claim[] for appellate review, [an a]ppellant[ ] must comply whenever the trial court orders [her] to file a [s]tatement of [m]atters [c]omplained of on [a]ppeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).
>
> Rule 1925(b) authorizes a trial court to order an appellant to file a "concise statement of matters complained of on appeal." Pa.R.A.P. 1925(b). Failure to comply with a Rule 1925(b) order may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of. Regarding vague or overly broad statements, this Court has also stated:
>
> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.
>
> In other words, a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all. While [*Lord*] and its progeny have generally involved situations where an appellant completely fails to mention an issue in his [c]oncise [s]tatement, for the reasons set forth above we conclude that *Lord* should also apply to [c]oncise [s]tatements which are so vague as to prevent the court from identifying the issue to be raised on appeal. [Thus, if a vague or overly broad concise statement hampers appellate review, no issues are presented for purposes of appeal.]

- 3 -

*Karn v. Quick & Reilly Inc.*, 912 A.2d 329, 335 (Pa. Super. 2006) (some internal citations and quotations omitted) (indentures adjusted).

We conclude that Appellant's issues on appeal are waived because she failed to supply the trial court with a proper Rule 1925(b) statement. Indeed, Appellant filed a rambling 4-page document. **See** Appellant's Concise Statement of Matters Complained of on Appeal, 10/30/23, 1-4. This document does not identify issues to be raised on appeal. Instead, "Appellant provides a recitation of her version of events," namely, the fact that her daughter was regrettably sexually abused by her father and that, for this reason, "she believes that she is not guilty of truancy." Trial Court Opinion, 11/13/23, at 7. The trial court, in addressing Appellant's submission, opined that Appellant's concise statement is violative of Pa.R.A.P. 1925(b) in that it is "not concise nor does it clearly set forth the errors on appeal." **Id.** at 6. The trial court, therefore, determined Appellant's claims on appeal are waived. **Id.** at 8. The trial court, however, disregarded Appellant's Rule 1925(b) statement and reviewed a challenge to the sufficiency of the evidence supporting Appellant's conviction. **See id.** at 8-10. "Even if the trial court correctly guesses the issues Appellant[] raises on appeal and writes an opinion pursuant to that supposition, the issue is still waived." **Commonwealth v. Heggins**, 809 A.2d 908, 911 (Pa. Super. 2002). We therefore conclude that Appellant's failure to provide the trial court with a proper Rule 1925(b) statement waives appellate review.

Furthermore, we note that Appellant wholly failed to adhere to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pursuant to Pa.R.A.P. 2101, an appellate brief must "conform in all material respects with the requirements of [the appellate rules]." Pa.R.A.P. 2101. If, however, "the defects [] in the brief . . . are substantial," this Court may quash or dismiss the appeal. *Id.* We bring Rule 2111 to Appellant's attention. Specifically, the rule provides:

(a) **General rule.**--The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in paragraphs (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment

> that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.
>
> (12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).
>
> (b) **Opinions below.**--There shall be appended to the brief a copy of any opinions delivered by any trial court, intermediate appellate court, or other government unit relating to the order or other determination under review, if pertinent to the questions involved. If an opinion has been reported, that fact and the appropriate citation shall also be set forth.

Pa.R.A.P. 2111(a)-(b).

Herein, Appellant's brief does not include: (1) a statement of jurisdiction; (2) a statement of the scope and standard of review; (3) a statement of the questions involved; (4) a statement of the case; (5) a summary of Appellant's argument; (6) a copy of Appellant's Rule 1925(b) statement; and (7) a certification of compliance. Instead, Appellant's brief on appeal is a continuation of the rambling factual recitation she submitted in *lieu* of a proper Rule 1925(b) statement, without any citation to the record or legal authority, and with no legal analysis. *See* Pa.R.A.P. 2119(a)-(c). As such, we conclude that the deficiencies in Appellant's brief are substantial and have "hampered our ability to conduct meaningful appellate review." *Karn*, 912 A.2d at 337. We therefore dismiss this appeal.[3]

_____

[3] We recognize that Appellant handled this entire case without legal representation. "While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that [the] appellant is not entitled to any particular advantage because she lacks legal training." *Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942 (Pa. Super. 2006) (citation omitted). *(Footnote Continued Next Page)*

Appeal dismissed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/18/2025

_____

Indeed, this Court will not "become [Appellant's] counsel" and develop an appellate argument on her behalf. *Id.* (citation omitted). Because Appellant's "issues [were] not properly raised and developed in [her] brief[ . . . and her brief is] wholly inadequate to present specific issues for review," we will not "consider the merits thereof." *Id.* (citation omitted).